IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CATHY R. MONCIER | § | |
| | § | |
| V. | § | CASE NO. 4:13cv609 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REMANDED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on July 26, 2010, claiming entitlement to disability benefits due to medical impairments. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on June 25, 2012. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, Howard H. McClure, Jr., M.D. (by phone), an impartial medical expert, and William F. Weber, an impartial vocational expert, testified.

On July 17, 2012, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on September 13, 2013. Therefore, the July 17, 2012 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.

2. The claimant has not engaged in substantial gainful activity since May 28, 2010, the alleged onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.).*

3. The claimant has the following severe impairments: history of wrist fracture, vertigo and hypertension (20 CFR 404.1520© and 416.920©).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift up to 20 pounds occasionally, 10 pounds frequently, stand and walk 6 hours of an 8 hour workday, sit 6 hours of an 8 hour workday as defined in 20 CFR 404.1567(b) and 416.967(b) narrowed by no climbing of ropes, ladders or scaffolds, occasional crawling and frequent use of ramps and stairs, balancing, stooping, kneeling or crouching.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on August 19, 1959, and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. (See SSR82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual

> functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569(a), 416.969, and 416.969(a)).

(T.R. 15-16).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520© (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

**ANALYSIS**

Plaintiff's first point of error is that the ALJ failed to consider the State Agency Medical Consultant's opinion that Plaintiff was limited in handling and fingering which would undermine the RFC given the VE by the ALJ. The ALJ never mentions this piece of evidence. He rejects Exhibit 7F with regard to handling and fingering and adopts the opinion of medical expert which is more consistent with the remainder of the evidence.

As the Commissioner concedes, the ALJ referred to the wrong exhibit but does specifically mention handling and fingering. The State Agency examiner also mentions osteoporosis in his finding that Plaintiff's dexterity is limited. Several records indicate that she has osteoporosis. It is unclear whether this would have any effect on her ability to use her right hand, but there is no discussion about it by the ALJ or the Medical Expert. Even the last imaging study notes generalized osteoporosis in the distal end of the ulna. (T.R. 447).

Much of what the expert says is inaudible in the transcript. An ALJ is to consider all medical opinions in determining the disability status of a claimant. 20 C.F.R. §§ 404.1527(b), 416.927(b). Findings of fact made by state agency medical and psychological consultants regarding the nature and severity of an individual's impairments are treated as expert opinion evidence (from non-examining sources) at both the administrative hearing and Appeals Council levels of administrative review. 20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96–6p, 1996 WL 374180, at *2–4 (S.S.A. Jul. 2, 1996). Pursuant to SSR 96–6p, the ALJ and the Appeals Council are not bound by the state agency physicians' opinions, but may not ignore them and must explain the weight given to these opinions in their decisions. SSR 96–6p, 1996 WL 374180, at *2.

The Court finds that the ALJ did not provide sufficient details of why the State Agency ME, Dr. Cremona's, opinion was not consistent with the record as a whole. For example, on 1-20-11

Plaintiff is seen and there is a notation that her right forearm has markedly decreased range of motion and is swollen. This is not a reported symptom but rather a obvious sign of swelling or decreased mobility. (T.R. 455). The Court notes that the other exams indicating a normal range of motion with no pain or tenderness. (T.R. 495). The ME testified that he saw no evidence of a frozen shoulder ; yet, Dr. Zinder's records indicate that, in December 2010, Plaintiff had a frozen shoulder which might be related to her ulna fracture. (T.R. 334). The ME's testimony in this area was brief and punctuated by inaudible notations.

The Court finds that the Regulations require more explanation and that there was not substantial evidence to support the ALJ's decision. The case is remanded on Point of Error 1. The Court need not address the remaining points of error.

Pursuant to the foregoing, the Court REMANDS the decision of the Administrative Law Judge.

**SO ORDERED.**

**SIGNED this 18th day of September, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE